IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| IN RE: | * | CASE NO. 13-71347-JTL |
| HUBERT MOORE LUMBER COMPANY, LLC, | * | CHAPTER 7 |
|     Debtor. | | |
| | | |
| JOY R. WEBSTER, TRUSTEE, | * | ADVERSARY PROCEEDING |
|     Plaintiff, | | |
| vs. | * | NO. 14-7047 |
| | | |
| DUPONT PINE PRODUCTS, LLC, | * | |
|     Defendant. | * | |

## MOTION TO WITHDRAW THE REFERENCE

Comes now Defendant DuPont Pine Products, LLC ("DuPont") under 28 U.S.C. § 157(d) and Bankruptcy Rule 5011(a), and requests that the United States District Court for the Middle District of Georgia withdraw the reference of the above-captioned adversary proceeding for the following reasons[1]:

## PRELIMINARY STATEMENT

The Court should withdraw the reference under 28 U.S.C. § 157(d) because the Supreme Court has held that a party who has not otherwise submitted itself to the jurisdiction of the bankruptcy court has a constitutional right to a trial by jury before an Article III judge. Granfinanciera, S.A. v. Nordberg, 492 U.S. 33 (1989); Langenkamp v. Culp, 498 U.S. 42 (1990). DuPont has not filed a proof of claim in the bankruptcy case or submitted to the Bankruptcy Court's jurisdiction. DuPont filed a jury trial demand. DuPont has a right to a

---

[1] DuPont is filing this Motion to Withdraw the Reference for procedural purposes only, and does not submit that it or the adversary proceeding case is subject to the jurisdiction of the Bankruptcy Court.

1 | Page

jury trial regarding the claims in the Trustee's instant adversary proceeding complaint because the claims are legal in nature as the Trustee seeks recovery of property and/or a money judgment. Section 157(e) of Title 28 authorizes bankruptcy courts to conduct jury trials "*with the express consent of all the parties.*" Because DuPont does not consent, the District Court should withdraw the reference for cause under 11 U.S.C. § 157(d). Moreover, withdrawing the reference would allow the District Court to include this adversary proceeding case to a case *already pending* in the District Court which the Trustee intends to become a party to, already includes DuPont as a party and involves similar issues as the instant adversary proceeding complaint. Withdrawal would achieve the most efficient use of judicial resources and the resources of the Trustee and DuPont by allowing the claims to be decided in one forum.

## FACTUAL BACKGROUND

On October 11, 2013, the Debtor filed the instant voluntary chapter 7 petition [docket 1]. On November 5, 2014, the Chapter 7 Trustee, Joy Webster filed the instant adversary proceeding complaint against DuPont [docket 84]. On November 14, 2014, the Trustee filed a Motion for Relief from Stay [docket 85] to permit the Trustee to assert a counterclaim of the Debtor against Dantzler, Inc. in a case pending in the U.S. District Court for the Middle District of Georgia in Civil Action No. 7:13-CV-56 (HL) styled "*Dantzler, Inc. v. Hubert Moore Lumber Company, Inc., Wilbur Stanley Moore, Norma Moore Gaskins, Joan Moore Drawdy and Dupont Pine Products, Inc.*" (the "Dantzler litigation"). The hearing on the Trustee's motion for relief is December 17, 2014 [docket 85].

In the instant adversary proceeding case, the Trustee seeks to avoid the transfer of the debtor's assets made to DuPont as an alleged fraudulent transfer under 11 U.S.C. §548(a).

The Trustee seeks to recover the property or the value of the property transferred under 11 U.S.C. §550. The Trustee's complaint relates to the Dantzler litigation. The assets which are the subject of the Trustee's complaint are the some of the same assets involved in the Dantzler litigation.  The Trustee's motion for relief [docket 85] requests the bankruptcy court to modify the automatic stay *"to allow the continuation of Civil Action No. 7:13-CV-56(HL) in the United States District Court for the Middle District of Georgia, Valdosta Division."* *Id.* (emphasis supplied).  Paragraphs 9, 10, 11 and 12 of the motion state the following:

-9-

The civil litigation in the U.S. District Court involves claims made by Dantzler, Inc. concerning certain contracts for the production and sale of wood products between Dantzler, Inc. and Hubert Moore Lumber Company, Inc. to **DuPont Pine Products, LLC**. Hubert Moore Lumber Company, Inc. also has a counter claim against Dantzler, Inc.

-10-

The issues presented in the District Court litigation are of primary concern to the Trustee and in order for her to complete administration of the bankruptcy estate, *it will be necessary to prosecute the counterclaim against Dantzler, Inc. and to liquidate the claim that Dantzler contends it holds against the Debtor. The Trustee therefore must obtain an order for relief from the automatic stay in bankruptcy in order to substitute herself as the real party at interest in the litigation in District Court and in order to liquidate the claim of Dantzler, Inc. and prosecute the estate's counter claim.*

-11-

Under the circumstances, cause exists to grant the Motion…because the litigation in the District Court must be completed in order to properly administer the bankruptcy estate.

*Trustee's motion for relief from stay* [docket 85].

### ARGUMENT AND CITATION OF AUTHORITY

*Standard for Withdrawal of the Reference.*

Cause exists for the District Court to withdraw the reference of the instant adversary

3 | Page

proceeding on a permissive basis. Section 157(d) provides, that "[t]he district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d). S*ee also* Parklane Hosiery Co. v. Parklane/Atlanta Venture (In re Parklane/Atlanta Joint Venture), 927 F.2d 532, 536 (11th Cir. 1991); Dionne v. Simmons (In re Simmons), 200 F.3d 738, 742 (11th Cir. 2000). As Congress did not define "cause" in Section 157(d), the Eleventh Circuit has articulated factors to determine whether to withdraw the reference under Section 157(d). Factors include (1) whether the defendant has demanded a jury trial; (2) whether the claims are legal; (3) whether the claims are core or noncore; (4) judicial efficiency; (5) conservation of the parties' resources; (6) uniformity in the administration of bankruptcy law; and (7) the prevention of forum shopping. *Compare* TPI Intl Airways, Inc. v. FAA (In re TPI Int'l Airways), 222 B.R. 663, 668 (S.D. Ga. 1998), *with* In re Parklane/Atlanta Joint Venture, 927 F.2d at 536 n.5 (11th Cir. 1991) (citing Holland Am. Ins. Co. v. Succession of Roy, 777 F.2d 992, 998 (5th Cir. 1985) (listing all the factors district courts consider).

Applying the factors to the instant case illustrates that withdrawal of the reference of the above-captioned adversary proceeding is proper.

### *The District Court Should Withdraw the Reference Because DuPont has a Right to a Trial by Jury and Jury Trial Must be Heard by an Article III Court.*

Because DuPont has a right to a jury trial and made a jury trial demand, cause exists for the District Court to withdraw the reference. Bankruptcy courts may conduct jury trials in limited circumstances "with the express consent of all the parties." 28 U.S.C. § 157(e). *See* Hays v. Equitex, Inc. (In re RDMSports Grp., Inc.), 260 B.R. 915, 925 (Bankr. N.D. Ga. 2001). Under Bankruptcy Rule 9015(b), "the parties may consent to have a jury trial

4 | Page

conducted by a bankruptcy judge ... by jointly or separately filing a statement of consent." However, DuPont does not consent to a Bankruptcy Court jury trial. Therefore, the instant adversary proceeding should be heard before an Article III court. *See* In re Clay, 35 F.3d 190, 194-96 (5th Cir. 1994); McFarland v. Leyh (In re Tex. Gen. Petroleum Corp.), 52 F.3d 1330, 1336-37 (5th Cir. 1995). As a result, the reference should be withdrawn. *See* In re Clay, 35 F.3d at 194-96 (when litigant has Seventh Amendment right to jury trial, litigant also has right to Article III court, unless litigant consents to another tribunal). In the instant case, DuPont has preserved its right to a jury trial by not filing a proof of claim and requested a jury trial in the adversary proceeding.

The claims set forth in the Complaint are *legal* in nature and seek recovery or property and/or monetary damages. The Trustee's claims are claims at law. *See* Granfinanciera, 492 U.S. at 42 (for purposes of determining whether party is entitled to jury trial in bankruptcy adversary proceeding, as a preliminary matter, courts compare the action to 18th-century actions brought in courts of England prior to merger of courts of law and equity and then examine the remedy sought and determine whether it is legal or equitable in nature with the latter inquiry being the most salient). *See also* Dairy Queen, Inc. v. Wood, 369 U.S. 469, 476 (1962) ("[i]nsofar as the complaint requests money judgment, it presents a claim which is unquestionably legal.").

The Trustee's complaint seeks to recover property and/or monetary damages against DuPont for alleged fraudulent transfers. These claims are legal in nature and thus provide DuPont with a right to a jury trial. *See* Feltner v. Columbia Pictures Television, Inc., 523 U.S. 340, 352 (1998) ("actual damages are [the] 'traditional form of relief offered in the courts of law"). Because the Trustee's claims are legal and give rise to a Seventh Amendment right to a jury trial, the reference should be withdrawn.

5 | P a g e

***Even if Complaint includes core claims, the Reference Should be Withdrawn***

The right to a jury trial is of constitutional concern. This jury trial right exists regardless of whether claims are core or non-core. *See* <u>Ellenberg v. Bouldin</u>, 125 B.R. 851, 856 (N.D. Ga. 1991) (when litigants before bankruptcy court have right to trial by jury, they deserve jury trial presided over by a court with unquestionably competent jurisdiction, namely the district court); *see also* <u>Official Comm. of Unsecured Creditors ex rel. Estate of Stausbury Poplar Place v. Schwartzman (In re Stansbury Poplar Place, Inc.</u>), 13 F.3d 122, 128 (4th Cir. 1993) ("where Seventh Amendment provides right to jury trial in core proceeding in bankruptcy (without the consent of all of the parties) it must take place in the district court"). Neither Congress nor the courts may deprive litigants of their constitutional rights simply by labeling a cause of action "core." <u>Granfinanciera</u>, 492 U.S. at 61.

Thus, even if the Trustee's claims are "core," DuPont retains its constitutional right to a jury trial in connection with any disposition of this case. *See* <u>Germain v. Conn. Nat'l Bank</u>, 988 F.2d 1323, 1329 (2d Cir. 1993) (holding that "if some claims are legal, a party will not be denied a jury trial just because other claims arising out of the same facts are equitable"). In <u>Granfinanciera</u>, the Supreme Court found that the Seventh Amendment entitles a litigant who has *not* submitted a claim against the bankruptcy estate to a jury trial when sued by the bankruptcy trustee to recover an alleged fraudulent transfer, "notwithstanding Congress' designation of fraudulent conveyance actions as 'core proceedings' in 28 U.S.C. § 157(b)(2)(H)." 492 U.S. at 36. Determination that the Trustee's claims are "core" is entitled to minimal weight. <u>Germain</u>, 988 F.2d at 1326-27.

***Judicial Economy Supports Withdrawing the Reference and not Delegating Pre-trial Matters to Bankruptcy Court.***

Efficiency and cost-reduction considerations further support withdrawing the reference.

As discussed above, the Trustee has sought relief from the stay to be substituted as a party in the Dantzler litigation. The assets which are the subject of the instant adversary proceeding are the assets which are involved in the Dantzler litigation. DuPont is already a party to the Dantzler litigation. Thus, once the Trustee is added as a party, the Trustee and DuPont will be parties before the District Court in the Dantzler case.

Withdrawal of the reference is also appropriate because the Bankruptcy Court may enter proposed findings and recommendations on "non-core" state law claims alleged by the Trustee. These findings and recommendations are subject to *de novo* review by the District Court. *See* 28 U.S.C. § 157(c). Consequently, if the adversary proceeding remains in the Bankruptcy Court, the rulings may be subject to review by the District Court. Judicial economy and efficiency suffer under this scenario.

The court in Semi-Tech Litigation, LLC v. Bankers Trust Co. (In re Graeme Ltd.), 2001 U.S. Dist. LEXIS 22848, at *5 (S.D.N.Y. Feb. 25, 2001), recognized such inefficiency when it held that "the plaintiff's suggestion that pretrial proceedings be left in the Bankruptcy Court with the reference withdrawn only for the purpose of trial would create the worst of both worlds by ensuring that all pretrial rulings of any substance would be considered in both Courts—the Bankruptcy Court in the first instance and this Court on appeal." *See also* Mishkin v. Ageloff, 220 B.R. 784, 801 n.13 (S.D.N.Y. 1998). Other courts have reached a similar conclusion. For instance, in Interconnect Tel. Servs., Inc. v. Farren, 59 B.R. 397, 399-400 (S.D.N.Y. 1986), the Court found that

> [i]f either side objected to the proceedings before the bankruptcy court [in an adversary proceeding warranting a jury trial], it might well be necessary for the district judge to conduct a second jury trial in the course of his *de novo* review. In view of the ever mounting docket in this district, we must be careful to husband our scarce judicial resources. We can ill afford to conduct unnecessarily two entire jury trials of the same matter.

7 | Page

<u>Interconnect Tel. Servs., Inc. v. Farren</u> at 399-400. *See also* <u>1800 Postcards, Inc. v. Morel</u>, 153 F. Supp. 2d 359, 367 (S.D.N.Y. 2001) ("Withdrawal of the reference thus would solve the constitutional problems that would arise were the adversary action to proceed to trial.") and <u>Stansbury Poplar Place, Inc.</u>, 13 F.3d at 128 (when withdrawal of reference is favored, referral, even for pre-trial matters, can be a 'futile detour, requiring substantial duplication of judicial effort"). Because DuPont is a party in the Danzler litigation and the claims in that case are related to the claims asserted by the Trustee against DuPont in the instant adversary proceeding case and the Trustee has moved to become a litigant in the District Court case, it makes sense to allow the District Court to decide all claims in one case.

If this Motion is granted, DuPont further requests that the District Court not delegate pre-trial matters to the Bankruptcy Court. Because the District Court must ultimately decide all factual and legal issues, any ruling by the Bankruptcy Court would be advisory. More importantly, it would be inefficient, wasteful and costly for the Trustee and DuPont to litigate pre-trial issues in two tribunals. Withdrawing the reference immediately would allow the District Court to avoid delay in adjudicating all claims and reduce the cost to DuPont and the Trustee. DuPont submits that under these circumstances, the most economic and efficient action is to withdraw the adversary proceeding now and place the case in one Court at the outset.

The <u>Granfinanciera</u> Court observed that the overriding concern is the constitutional right to a jury trial, stating that "[i]t may be that providing jury trials in some fraudulent conveyance actions . . . would impede swift resolution of bankruptcy proceedings and increase the expense of Chapter 11 reorganizations. But 'these considerations are insufficient to overcome the clear command of the Seventh Amendment.' " (quoting <u>Curtis v. Loether</u>,

8 | P a g e

415 U.S. 189, 198 (1974). Granfinanciera, 492 U.S. at 62-63. Given the constitutional implications in this case, DuPont submits the most efficient and effective way to manage the instant adversary proceeding is to immediately withdraw the reference and allow the District Court to manage pre-trial matters, including discovery, pre-trial motions and preparation of the case for trial.

Wherefore, DuPont respectfully request that the District Court enter an order withdrawing the reference of this adversary proceeding and grant such other and further relief as may be just and proper.

Respectfully submitted this 8th day of December, 2014.

KELLEY, LOVETT & BLAKEY, P.C.

_____
Thomas D. Lovett
Attorney for DuPont
Georgia Bar No. 459571
P.O. Box 1164
Valdosta, Georgia 31603-1164
(229) 242-8838
tlovett@kelleylovett.com

IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| IN RE: | * | CASE NO. 13-71347-JTL |
| HUBERT MOORE LUMBER COMPANY, LLC, | * | CHAPTER 7 |
|     Debtor. | | |
| | | |
| JOY R. WEBSTER, TRUSTEE, | * | ADVERSARY PROCEEDING |
|     Plaintiff, | | |
| vs. | * | NO. 14-07047 |
| | | |
| DUPONT PINE PRODUCTS, LLC, | * | |
| | | |
|     Defendant. | * | |

## **ORDER GRANTING MOTION TO WITHDRAW REFERENCE**

The Defendant, DuPont Pine Products, LLC ("DuPont") filed a motion in the above-styled adversary proceeding case to withdraw the reference. For the reasons stated in the motion, the Court finds cause exists to withdraw the automatic reference of this matter to the United States Bankruptcy Court for the Middle District of Georgia. Therefore, it is

ORDERED that DuPont's motion to withdraw the reference is granted as authorized under 28 U.S.C. § 157(d) and Bankruptcy Rule 5011(a).

SO ORDERED, this ___ day of _____, 2014.

_____
Judge, United States District Court for the Middle District of Georgia

Prepared by:
Thomas D. Lovett
Attorney for DuPont
Georgia Bar No. 459571
P.O. Box 1164
Valdosta, Georgia 31603-1164
(229) 242-8838
tlovett@kelleylovett.com

10 | P a g e

IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| IN RE: | * | CASE NO. 13-71347-JTL |
| HUBERT MOORE LUMBER COMPANY, LLC, | * | CHAPTER 7 |
| Debtor. | | |
| JOY R. WEBSTER, TRUSTEE, Plaintiff, | * | ADVERSARY PROCEEDING |
| vs. | * | NO. 14-07047 |
| DUPONT PINE PRODUCTS, LLC, | * | |
| Defendant. | * | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 8th day of December, 2014, a true and correct copy of the foregoing Motion to Withdraw the Reference was filed electronically with the Court's CM/ECF filing system which in turn will generate an electronic notice of filing to all those who have requested or consented to electronic service in the above-captioned adversary proceeding.

The undersigned further certifies that on this 8th day of December, 2014, a true and correct copy of the foregoing Motion to Withdraw the Reference was served upon opposing counsel by e-mail as follows:

Danny L. Akin, Attorney for Joy Webster, Trustee
dlakin@akin-webster.com

Thomas D. Lovett
Attorney for DuPont
Georgia Bar No. 459571
P.O. Box 1164
Valdosta, Georgia 31603-1164
(229) 242-8838
tlovett@kelleylovett.com

11 | Page